Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Civil Division

Case No. **19 CV 6992**
(to be filled in by the Clerk's Office)

Quincy Magee

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Jury Trial: (check one)  ☐ Yes  ☐ No

The Walt Disney Company

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

RECEIVED
SDNY PRO SE OFFICE
2019 JUL 26 AM 8:57
S.D. OF N.Y.

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
(28 U.S.C. § 1332; Diversity of Citizenship)

I.  The Parties to This Complaint

  A.  The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Quincy Magee |
   | Street Address | 141 N Wilton St. |
   | City and County | Philadelphia |
   | State and Zip Code | PA 19139 |
   | Telephone Number | 2157969547 |
   | E-mail Address | quincy.magee@gmail.com |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | The Walt Disney Company |
| Job or Title *(if known)* | |
| Street Address | 500 S Buena Vista St. |
| City and County | Burbank |
| State and Zip Code | CA 91521 |
| Telephone Number | 818-560-1000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | The American Broadcasting Company |
| Job or Title *(if known)* | |
| Street Address | 77 West 66th Street |
| City and County | New York |
| State and Zip Code | NY |
| Telephone Number | 212-456-7297 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

    The plaintiff, *(name)* __Quincy Magee__, is a citizen of the State of *(name)* __Pennsylvania__.

2. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

2. If the defendant is a corporation

    The defendant, *(name)* __The Walt Disney Company__, is incorporated under the laws of the State of *(name)* __CA__, and has its principal place of business in the State of *(name)* __CA__. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* __California__.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Includes revenue and value from the "beginning of time" to the date of the agreement and subsequent revenues and value since the date of the agreement, types of property include: musical rights, copyrights, master recordings, motion picture rights, film and television rights, intellectual proprerty, real estate and patents valued at more than 50 Billion USD.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, *(name)* Quincy Magee , and the defendant, *(name)* The American Broadasting Company , made an agreement or contract on *(date)* Nov. 4th 2014 . The agreement or contract was *(oral or written)* written . Under that agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*

Make "certain of sums" of Quincy Magee from the beginning of time, to compensate Quincy Magee for cooperation including time and expenses.

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)*

Failed to provide certification of sums, failed to provide compensation for time and expenses for cooperation, failed to fullfill fiduciary duty.

There was an attempt to use the release in the agreeement to cover attempted retaliation, attempted fraud, attempted extortion reported as part of civil case 17CV2842, United States District Court for the District of Columbia, and 17CV5892, The Southern District of New York

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

Quincy Magee requests the court to order The American Broadcasting Company and The Walt Disney Company to pay Quincy Magee compensory damages in the form of money for all of his property which was damaged or lost due to their failure to comply with this agreement including any property damaged or lost due to any retaliation, fraud, or extortion which resulted from the the agreement.

Quincy Magee also asks the court to order The American Broadcasting Company and The Walt Disney Company to pay him damages for the personal injury he experienced which they sought to cover with the agreement or which resulted from their failure to comply with the terms of the agreement, including puntive damages for the wilful nature of the negligence and malefeasense

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 23rd 2019

Signature of Plaintiff: _Quincy Magee_
Printed Name of Plaintiff: Quincy Magee

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____



November 4, 2014

Mr. Quincy Magee
630 Lenox Avenue
Apartment 9F
New York, New York 10037

Dear Quincy:

The following will confirm our agreement regarding your employment at American Broadcasting Companies, Inc., a subsidiary of ABC, Inc. (hereafter collectively referred to as "ABC" or the "Company"):

1. You have tendered your resignation and ABC has accepted your resignation, effective November 28, 2014 (the "Separation Date").

2. After the Separation Date, you shall receive your final paycheck and payment for your accrued and unused 2014 vacation entitlement. The payment for accrued and unused vacation is not compensation for the purposes of any benefit plan of ABC or The Walt Disney Company ("Disney") and there shall be no contribution to any plan as a result of that payment. The sums set forth herein, less appropriate deductions and withholdings for federal, state and local taxes, shall include all of the monies due you from the Company, contractual or otherwise to which you may be entitled except for any vested benefits you may have in the Disney Retirement Plan and the Disney Savings and Investment Plan.

3. Your medical, dental and vision coverages under the Disney Signature Plan shall end on the Separation Date at which time you shall be eligible to continue medical, dental, and vision coverages at your own cost under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") for up to eighteen (18) months. Your life insurance coverage shall end on the Separation Date at which time you shall be eligible to convert your coverage to an individual policy at the insurance carrier's prevailing rates.

4. Your participation in the medical, retiree medical, dental, vision and life insurance plans set forth above shall be subject to and in accordance with the terms and conditions of each plan. Any changes in the terms of coverage (including continuation of coverage, covered conditions, available benefits, deductible levels, cost of coverage, etc.) applicable to plan participants generally shall apply to you and your eligible dependents. You may contact the Benefits Department if you need information or have questions about benefit coverage.

5. Your participation in all other Company benefits plans, other than those set forth in this Agreement, shall cease on the Separation Date or the date you secure alternative employment, whichever is earlier.

Mr. Quincy Magee
November 4, 2014
Page 2

6. By the Separation Date, you agree to return to ABC all Company property in your possession, custody or control, including, but not limited to, your identification card, Company credit cards, computer equipment, business files and records, beeper/pager and office keys.

7. The Company shall not oppose your application for unemployment insurance made after the Separation Date. The Company's internal records shall reflect that you are eligible for rehire by the Company.

8. (a) In consideration for the Company's agreement to provide you with certain of the sums and benefits set forth herein, you, on behalf of yourself and your heirs, representatives and assigns, hereby release and discharge ABC, its parent companies, and all of its or their subsidiaries and divisions, and all of the respective current and former directors, officers, shareholders, successors, agents, attorneys, representatives and employees of each ("released parties"), of and from any and all claims you ever had, now have, or may in the future assert regarding any matter arising from the beginning of time to the effective date of this Agreement, including, without limitation, all claims regarding your employment with or separation from ABC, any claim for equitable relief or recovery of monies or damages, any contract claim (express or implied), any tort claim, any claim for wages or benefits (including, but not limited to, any claim under the Employee Retirement Income Security Act), any claim for breach of a fair employment practice law (including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act of 1990, the Family and Medical Leave Act, the New York State Human Rights Law, and the New York City Human Rights Ordinance) and any violation of any other local, state or federal law, ordinance, regulation or statute ("released claims"). You further agree not to initiate any claim, arbitration, suit, action, charge, complaint, grievance, investigation or other proceeding against the released parties. You represent that you have not filed or initiated any such proceedings against the released parties. Notwithstanding the foregoing, you shall retain all rights to the song "We Always Been Cool" and, in the event that the Company elects to use this song, the Company shall enter into negotiations with you regarding the rights for this song.

(b) You represent that your actions and conduct while employed at ABC were in good faith. Based on and subject to your representations, the ABC Released Parties hereby releases you, your heirs, representatives, executors, administrators, successors and assigns from any and all claims the ABC Released Parties ever had, now have, or may in the future assert regarding any matter arising from the beginning of time to the date of this Agreement, including, without limitation, all claims regarding your employment with or separation from ABC. Notwithstanding the foregoing, nothing contained herein shall affect or release any right of the Company to enforce the terms of this Agreement.

9. Pursuant to and as part of your complete, total release and discharge of the released parties, you agree, unless called for by court order, subpoena, or formal written discovery request not to assist or otherwise participate in (except as set forth in paragraph 12

Mr. Quincy Magee
November 4, 2014
Page 3

herein) any claim, arbitration, suit, action, charge, complaint, grievance, investigation or other proceeding of any kind in any forum which relates to any matter that involves the released parties that occurred on or before the effective date of this Agreement. You agree that you will provide prompt notice of any such subpoena or court order, in advance of the return date, to the Office of the General Counsel, ABC, Inc., 77 West 66th Street, New York, NY 10023.

10. You agree that any confidential or proprietary information you acquired during your employment with ABC shall not be disclosed either directly or indirectly, to any other person or used by you in pursuit of other interests.

11. You agree that neither you nor anyone acting on your behalf shall publicize, disseminate or otherwise make known, either directly or indirectly, the terms of this Agreement or the negotiations leading thereto, to any other person except to your spouse, taxing authorities and to those individuals rendering professional financial or legal advice, or unless called for by court order or other compulsory process of law, regular on its face.

12. You agree to provide reasonable cooperation to ABC, its parent companies, and all of its or their subsidiaries and divisions in their defense of or other participation in any administrative, judicial or collective bargaining proceeding arising from any claim, charge, complaint, lawsuit, grievance, arbitration, investigation or action which has been or may be filed or commenced. You further agree to provide reasonable cooperation to the Company in responding to requests for information you may receive from time to time arising out of or related to matters within the scope of your employment. The Company shall reimburse you any and all of your time and actual expenses incurred in connection with this paragraph.

13. You acknowledge that you have been given a reasonable amount of time within which to consider this Agreement. During that period, you have had the opportunity to review this Agreement with counsel of your own choosing, have read this Agreement carefully and/or had it read by your counsel, and are fully aware of and understand the Agreement's contents and legal effects. IT IS RECOMMENDED THAT YOU CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.

14. This Agreement automatically becomes enforceable and effective on the date this Agreement is signed by the last party ("effective date").

15. This Agreement does not constitute an admission by ABC or by you of any violation of any federal, state, local or administrative statute, ordinance, regulation or provision.

16. This letter sets forth the entire agreement between you and ABC and supersedes any and all prior oral or written agreements or understandings between you and ABC concerning this subject matter. This Agreement may not be altered, amended or modified except by a further writing signed by you and an authorized representative of ABC.

Mr. Quincy Magee
November 4, 2014
Page 4

17. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of law rules. New York County shall be the exclusive forum for the resolution of disputes between the parties arising out of this Agreement or its performance.

If the foregoing correctly and fully recites the substance of our agreement, please so signify by signing in the space below.

Sincerely,

American Broadcasting Companies, Inc.
a subsidiary of ABC, Inc.

By: _____

I am fully aware of and understand this Agreement's contents and I am entering into this Agreement knowingly, voluntarily, willfully and free from any coercion or duress.

ACCEPTED AND AGREED:

_____        11/21/14
Quincy Magee                                Date

Quincy Magee

141 N. Wilton St.

Philadelphia, PA, 19139

215.796.9547

July 23rd 2019

---

Notice of Breach of Contract

Quincy Magee believes the release in this agreement was designed to be used to provide cover for an attempt at retaliation, intimidation, harassment, fraud and extortion, which lead to personal injury as reported in federal court.

The Walt Disney Company and American Broadcasting Company were in breach of contract.

(2.) The compensation Quincy Magee was provided when he resigned from ABC in 2014 did NOT "…include all the monies due to Quincy Magee from the Company, contractual or otherwise…" It is clear the work he has done on behalf of ABC and the The Walt Disney Company before during and since 2014, were not made "certain" as outlined in this agreement. Quincy Magee demands The Walt Disney Company to provide a complete 'certification of the sums.' As required by the contract, to include the full scope of Quincy Magee's work with the Walt Disney Company and its subsidiaries, "contractual or otherwise…"

(8.) The agreement confirmed Quincy Magee is to retain the rights to his project "We Always Been Cool," which was selected as a finalist in the DATG Short Film Festival in 2014, as well as, all his writings and compositions. It is clear from his reporting that his musical works, and writings have been used by and the Walt Disney Company, as well as other media companies.

(8.) (a) Quincy Magee would like this agreement to identify the persons by name, who The Walt Disney Company would like "released and discharged" Quincy Magee would like to ensure the release is not used to cover fraud, domestic violence, or any artifice or obstruction which he reported to the authorities.

(12.) Quincy Magee is to be compensated for his "cooperation" which resulted from this agreement and his subsequent work with ABC and The Walt Disney Company as described. It is clear from his financial hardship he reported in the Southern District of New York, which resulted from the breach of this agreement, that he was NOT compensated for his expenses and time.

Quincy Magee requests a corporate credit card to facilitate the payment of his expenses for "cooperation" as described in this agreement. He also requests to be paid for his expenses and his time. He also requests a conference to review "all the monies due to Quincy Magee from the Company, contractual or otherwise…"

